

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 3, 1947

Hon. F. M. Cowsert
Director of Law Enforcement
Game, Fish and Oyster Commission
Austin, Texas      Opinion No. V-59

> Re: Whether or not under Article 910
> of the Penal Code it is unlawful
> to kill a wild female deer.

Dear Sir:

We have your request for an opinion upon the above titled subject matter, in the last paragraph of which you say: "In the final analysis, the question is, in prosecutions under Art. 910, Penal Code 1925, is it necessary always to prove that the deer was wild?"

Article 910, insofar as pertinent, is as follows:

> "It shall be unlawful for any person to take, kill, * * * shoot at, hunt or possess, dead or alive any wild female deer, * * *."

We shall first determine, as best we may, just what the Legislature meant by the term "wild female deer".

It is a fundamental rule of statutory construction that words used therein are to be construed in their usual, ordinary, commonly-accepted meaning, unless the contrary thereof plainly appears from the context. This rule is applicable alike to civil and penal statutes.

Art. 7 of the Penal Code declares that:

> "This code and every other law upon the subject of crime which may be enacted, shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects * * *."

The succeeding article further declares:

"Words which have their meaning spec-
ially defined shall be understood in that
sense, though it be contrary to their usual
meaning; and all words used in this code ex-
cept where a word, term, or phrase is spec-
ially defined, are to be taken and construed
in the sense in which they are understood in
common language, taking into consideration
the context and subject matter relative to
which they are employed."

We have here the statutory yardstick by which
we are to measure the words employed in Article 910.
The term "wild female deer" is not specially defined in
the code. It must therefore be construed as it is un-
derstood in common language, having in mind, the con-
text. In this sense, we have no hesitancy in saying
it means such a deer as is visibly free to roam as it
pleases, and is not confined by an enclosure apparent-
ly sufficient to hold it, or visibly tethered or within
the visible control of some person.

This construction comports with the clear pur-
pose of this statute, that is, to prevent the slaughter
of wild deer as evidenced by our policy of wild game pres-
ervation.

Within the meaning of this rule, a deer, loose
on the "range" would be a "wild" deer within the meaning
of the statute even though it had formerly been at any
time, and for any length of time, in captivity.

It is worthy of notice that under Section 3 of
the title, License for Game Breeder, of H. B. 275, Acts
1933, 43rd Leg., it is declared that "All game birds or
game animals held under a game breeder's license shall
remain under the full force of any or all laws or regula-
tions of this State pertaining to wild game birds or
wild game animals in order that these necessary police
regulations for the preservation of native game species
may be enforced to the benefit of the State."

And the succeeding section further declares:
"For the purpose of this act 'captivity' is defined as
an enclosure suitable for retaining, and that will re-
tain at all times under reasonable and ordinary circum-
stances the bird, fowl, or animal so enclosed, and so

far as animals are concerned, will prevent the entry into the said enclosure of any other such animal. * * * "

This statute would perhaps justify a stricter classification than we have made above, that is, into wild female deer and female deer in captivity.

Specifically, with respect to your last question, we beg to advise as you quite well know that it is essential in a criminal prosecution for the State to prove every fact essential to the commission of the crime charged, and this means in the present case, that the State would be required to prove that the female deer was a "wild" female deer. This could be proved, however, either by direct evidence or circumstantial evidence. Ordinarily, we think, the proving of the place where the deer was killed would afford evidence as to its character as herein defined.

### SUMMARY

(1) The term "wild female deer" as used in Article 910 of the Penal Code, means such female deer at liberty to roam at will, as distinguished from one in captivity or visibly under control of some person.

(2) In a prosecution under that article, it would be necessary to support a conviction that the State prove that the deer killed or shot at was a "wild female deer". Such proof, however, may be made either by direct evidence or circumstantial evidence.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Price Daniel*
ATTORNEY GENERAL

By *Ocie Speer*

Ocie Speer
Assistant

OS:acm:jrb